# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5734 | **DATE** | 11/27/2002 |
| **CASE TITLE** | Circle Group vs. Fleishman-Hillard, Inc. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying defendant's motion to dismiss the suit. Discovery is ordered closed on 5/30/03. Any dispositive motion to be filed by 6/30/03. If no motion is filed, pretrial order will be due by 6/30/03; and response to any motions in limine by 7/14/03. Pretrial conference set for 9/12/03 at 3:00 p.m. Trial set for 9/22/03 at 9:30 a.m.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | 2 |
| ✓ | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | date docketed | DEC 2 -- 2002 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | 11/27/2002 |
| MPJ | courtroom deputy's initials | mailing deputy initials | MPJ |

U.S. DISTRICT COURT
CLERK

02 NOV 27 PM 4: 12

FILED
Date/time received in central Clerk's Office

Document Number
/ 0



**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **CIRCLE GROUP INTERNET, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No. 02 C 5734 |
| **FLEISHMAN-HILLARD, INC.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff Circle Group Internet, Inc. ("CGI"), a consulting firm, retained defendant Fleishman-Hillard, Inc. ("FH"), a public relations firm, to perform a variety of public relations and marketing services for CGI. On July 3, 2000, the parties executed a contract outlining the services FH was to perform and the fees CGI was to pay. FH allegedly failed to complete its obligations as promised. CGI sued FH in the Circuit Court of Cook County, Illinois, for breach of contract, breach of implied-in-fact contract, and fraudulent misrepresentation, seeking damages for FH's alleged nonperformance. FH removed the case on the basis of diversity and now moves under Rule 12(b)6 of the Federal Rules of Civil Procedure to dismiss the suit against it for failure to state a claim on which relief can be granted. I deny the motion.

CGI's complaint contains three separate counts. Count I accuses FH of breach of contract. In its motion and reply seeking dismissal of this count, FH relies solely on the argument that CGI

/O

fails to state a claim for breach of contract because FH fully performed its obligations under the contract. This is a factual defense that cannot be addressed in a motion to dismiss. A motion to dismiss should be granted only when it is clear beyond doubt that the plaintiff can prove no set of facts to support the allegations in his claim. *Strasburger v. Board of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998). There are many possible sets of facts that might support CGI's claim. Therefore, I decline to dismiss Count I.

Count II of CGI's complaint accuses FH of breach of contract implied-in-fact. FH argues that this count should be dismissed because the parties had an express agreement, and it would be inconsistent for this court to find that the parties had both express and implied agreements on the same subject matter. However, the parties have agreed that Missouri law governs their agreement, and in Missouri, "the finding of both an express and implied contract is not inconsistent where ... the terms of the implied contract do not materially alter or differ from the express agreement." *Hudson v. DeLonjay*, 732 S.W.2d 922, 928 (Mo. Ct. App. 1987). As CGI alleges an implied-in-fact contract that does not differ from the written contract at all, there is no inconsistency between the two claims under Missouri law, and I deny the motion to dismiss Count II.

Count III of CGI's complaint alleges fraudulent misrepresentation, stating that in order to induce CGI to enter the contract, FH's representatives falsely described their firm as the foremost public relations firm in the world and falsely promised to generate a steady stream of media attention.

FH bases its argument that Count III should be dismissed on two theories. First, it argues that CGI has failed to plead every essential element of fraud, as required by Missouri law, and has failed to do so "with particularity" as required by the Federal Rules. Missouri procedural law, such as its pleading rules, is inapplicable here. The Federal Rules, which govern the adequacy of pleading in this court, require only that in any averment of fraud, the complaint must state the circumstances of fraud "with particularity," Fed. R. Civ. P. 9(b), including the who, what, where and when of the alleged fraud. *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467 (7th Cir. 1999). The complaint states that on June 30, 2000 ("when"), at CGI's Mundelein office ("where"), FH officers Michael Zimmerman and Greg Connel ("who") stated that FH is the foremost public relations firm in the world and that FH would generate a steady stream of media coverage for CGI ("what"). This is sufficient to satisfy the requirements of Rule 9(b). *Wafra Leasing Corp. 1999 1-A v. Prime Capital Corp.*, 204 F. Supp. 2d 1120, 1125-26 (N.D. Ill. 2002) (Bucklo, J.).

Next, FH claims that the alleged misrepresentations are not fraudulent because they reflected the opinions of the speakers. In Missouri, "expressions of opinion cannot constitute fraud." *Constance v. B.B.C. Development Co.*, 25 S.W.3d 571, 587 (Mo. Ct. App. 2000). Fact is defined as any matter that is susceptible to exact knowledge, and opinion as any matter that cannot be known exactly, although this rule is subject to the circumstances of a particular case. *Reis v. Peabody Coal Co.*, 997 S.W.2d 49, 65 (Mo. Ct. App. 1999). The two statements allegedly made by FH officers seem quite clearly to be statements of opinion. Whether a public relations firm is "foremost" in the country is not susceptible to exact knowledge, and the level of media coverage FH would generate in the future is virtually by definition unknowable. However, "the general rule [that expressions of opinion cannot constitute fraud] is inapplicable if, in addition to expressing an opinion, material facts have been withheld." *Constance*, 25 S.W.3d at 587. Count III complains that the FH officers knew that they would be unable to fulfill their promises due to a change in the media climate and the unwillingness of journalists to deal with FH's staff. Such withholding of critical information by the officers could constitute fraud. Therefore, FH has failed to show that there is no set of facts CGI could prove that could support its conclusions. I decline to dismiss Count III.

4

The motion to dismiss is DENIED.

ENTER ORDER:

*Elaine E Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated:  November 27 , 2002